**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4479**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEN SEKO, a/k/a Hanh Thuy Nguyen,

Defendant - Appellant.

**No. 17-7116**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEN SEKO, a/k/a Hanh Thuy Nguyen,

Defendant - Appellant.

**No. 17-4495**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMMY REDI ARAYA, a/k/a Samaraii, a/k/a Samaraii Rainmaker,

Defendant - Appellant.

_____

**No. 17-4497**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DAVID HENDERSON, a/k/a Money Making Mike,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:15-cr-00301-JCC-6; 1:15-cr-00301-JCC-7; 1:15-cr-00301-JCC-10)

_____

Submitted: May 30, 2019                                          Decided: June 7, 2019

_____

Before WILKINSON and RICHARDSON, Circuit Judges, and DUNCAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Peter L. Goldman, O'REILLY & MARK, P.C., Alexandria, Virginia; Craig W. Sampson, BARNES & DIEHLL, PC, Richmond, Virginia; Curtis S. Fallgatter, FALLGATTER & CATLIN, P.A., Jacksonville, Florida, for Appellants. G. Zachary Terwilliger, United States Attorney, Samantha P. Bateman, Ryan S. Faulconer, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for

Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jen Seko, Sammy Redi Araya, and Michael David Henderson (collectively, "Defendants") of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349 (2012), as well as several substantive counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 2 (2012), and mail fraud, in violation of 18 U.S.C. §§ 1341, 2 (2012). In these consolidated appeals, Defendants challenge their convictions on multiple grounds. Finding no reversible error, we affirm.

First, Henderson argues that the district court erred in denying his motion to dismiss the charges against him pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (2012). We review the district court's Speedy Trial Act determinations de novo and its underlying factual findings for clear error. *United States v. Rodriguez-Amaya*, 521 F.3d 437, 440 (4th Cir. 2008). Henderson argues that the district court continued his trial date from February 13, 2017, to April 10, 2017, without his consent and that the Speedy Trial Act does not permit the exclusion of this continuance from the 70-day period by which his trial was required to begin. *See* 18 U.S.C. § 3161(c)(1). We need not resolve this question because, as the Government notes, Henderson's trial commenced within the 70-day statutory period, regardless of whether the continuance Henderson challenges is excluded. We therefore find no reversible error in the district court's Speedy Trial Act ruling.

Next, Henderson argues that the district court erred by issuing a jury instruction about willful blindness. We review this issue for abuse of discretion, *United States v. Bartko*, 728 F.3d 327, 343 (4th Cir. 2013), and find none here. Because Henderson's

4

defense included a claim that he lacked knowledge of the other Defendants' criminal conduct, the district court properly instructed the jury on willful blindness. *See United States v. Ruhe*, 191 F.3d 376, 384 (4th Cir. 1999).

Seko and Araya challenge different evidentiary rulings by the district court that they claim resulted in the improper admission of hearsay evidence. We review a trial court's evidentiary rulings for abuse of discretion and "will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted).

Seko's hearsay claim concerns testimony from a Government witness about an out-of-court statement that explicitly was introduced not for its truth, but to show its effect on Seko's state of mind. The district court duly gave the jury an appropriate limiting instruction regarding this testimony, both during the Government's case-in-chief and prior to final deliberations. As the district court repeatedly explained in rejecting Seko's argument numerous times, a statement not offered for its truth is, by definition, not hearsay. *See* Fed. R. Evid. 801(c)(2). We find no error in the district court's ruling.

Araya's hearsay argument relates to hard copies, in spreadsheet form, of electronic voicemail records that were kept by a voicemail company in the ordinary course of its business. Because machine-generated raw data do not constitute hearsay, *United States v. Washington*, 498 F.3d 225, 231 (4th Cir. 2007), the district court did not err by admitting these documents.

Seko and Araya further argue that the evidence at trial was insufficient to support their convictions. "A defendant challenging the sufficiency of the evidence faces a heavy

5

burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). "A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it." *Id.* at 244. Evidence is "substantial" if, viewed in the light most favorable to the Government, "there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* at 245. We review de novo the district court's evaluation of the sufficiency of the evidence supporting a conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014).

Having carefully reviewed the entire record, we conclude that the jury had ample evidence from which it could reasonably find that these Defendants were guilty beyond a reasonable doubt of each offense of conviction. Because Defendants have not met the heavy burden necessary to disturb the verdicts against them, we reject their claims of insufficient evidence.

Finally, Araya contends that the district court erred by declining his invitation to open a posttrial investigation into a Government witness who, Araya believes, committed perjury at trial. The record contains no evidence to support Araya's allegation of perjury, and we reject this claim as baseless.

Accordingly, we affirm the judgments of the district court with respect to all Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6